TpTper
 
 Johnston, Judge,
 

 after argument. This Negro be- ^ longed to John Vernon, after whose death William Vernon sold to Hostler, after whose death Scull got possession 5 and alter the commencement of this action Scull obtained letters of administration on the estate of John; William was not an ejecutor oí John,, nor obtained letters of administration. And now is 5s insisted that the sale by William is good, because he was
 
 an sxecuíor de son lari,
 
 and that such an executor may dispose of the property. This is a position which cannot be maintained. Shall every vagabond who may get into the possession of a deceased man’s property have power to sell it ? He *>say sell» s-r.d the wife and e-MIdren of die deceased be utterly depriv
 
 *180
 
 ed qf the property and its value. If an executor of ins ot?& >vrong take property and pays debts with it, the rightful executor sh»U not disturb the purchaser, because could h.e recover, the property must be disposed of to pay the debt. These letters of administration obtained by the defendant after issue joined in this action, cannot be given in evidence for him in this place. Otherwise than to lessen the
 
 quantum
 
 of damages. The plaintiff will be entitled to recover but just damages enough to carry the costs. Verdict for 5f. and judgment.
 

 Nate.'
 
 — In this case in order to prove that William ‘Vernon was. authorised to sell the'Negroes in question to Hostler, the plaintiff’s counsel offered in evidence a paper writing ,attested by the clerk of the court, and purporting that William Vernon was appointed administrator or
 
 qd colligendum
 
 mentioning the tei m, The defendant's counsel produced a copy of the minutes of that term, which had been left by the attesting clerk amongst the' court records, that made no mention of any letters having b.ecu granted that term.
 

 Per curiam.
 
 This shall be taken as a complete record of that term, having been.filed amongst the court papers as a‘record 5 what is offered is no. record, andcapnot b.e received to add to. the record produced.
 

 The
 
 plaintiff’s counsel then proved’ by. respectable witnesses, that in that term an administration was really granted to William, and that he gave bond and surety for his admxoisuation ; and from hence the counsel inferred and insisted that some part of the record was lost, or that the copy produced was not a, true copy 5 and that the record beinglost, that its contents may be proven by the testimony offered, and the paper writing attested by the clerk.
 

 Per curiam.
 
 — If there were such a- record, and it has been lost, the contents may be proved ; but here is a complete recoid disproving the position that any other ever existed ; and you c a it not proye against it that the record you speak of ever did exist.